UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| RICKEY TRAVIS | CIVIL ACTION NO. 04-0899 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHN E. POTTER, POSTMASTER GENERAL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

This matter is before the Court on Defendant John E. Potter's ("Potter") Motion to Dismiss or in the Alternative, for Summary Judgment. [Doc. No. 21]. On September 30, 2005, the Court granted a motion for summary judgment filed by Potter as to all of Plaintiff Rickey Travis' ("Travis") claims except his disability discrimination claim, including his disability-based hostile work environment claim, under the Rehabilitation Act of 1973. [Doc. No. 17]. In the instant motion, Potter moves for summary judgment as to those remaining claims. After reviewing the entire record, the Court finds that summary judgment in favor of Potter is proper as a matter of fact and law.

**I.  FACTUAL BACKGROUND.**

The facts of this case were set forth in this Court's September 30, 2005 ruling [Doc. No. 17]. Those facts are hereby adopted by reference.

**II.  LAW AND ANALYSIS.**

    **A.  Summary Judgment Standard.**

Summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. Liquid Air Corp., 37 F.3d at 1075. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. 317, 106 S.Ct. 2548. To that end, the Court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th Cir. 2001). However, the Court will not assume that the nonmoving party could or would prove the necessary facts. Liquid Air Corp., 37 F.3d at 1075. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir. 1993); see

generally Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

**B. Disability Under the Rehabilitation Act.**

To qualify for relief under the Rehabilitation Act, 29 C.F.R. § 1630.2(g), a plaintiff must show that: 1) he is disabled; 2) he is otherwise qualified to perform the functions of the job; 3) he is a federal employee or worked for a program receiving federal financial assistance; and 4) he was discriminated against solely by reason of his disability. Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997). Accordingly, whether Travis was "disabled" is a threshold question.

*1) A physical or mental impairment which substantially limits one or more major life activities.*

To qualify as disabled, a plaintiff must initially prove that he has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. §12102(2)(A). Travis' opposition brief alleges that he suffers from two impairments: "a physical disability resulting from a torn rotator cuff and a mental disability resulting from traumatic stress induced by adverse situations related to his employment." [Doc. No. 25-1 at 15]. Travis argues that his "recorded permanent modified rehabilitation job" determined his disability. [Id.] However, Travis' modified position is not determinative on this legal issue. Further, the fact that Travis was ultimately placed on disability retirement in August of 2005 does not mean that he was "disabled" under the Rehabilitation Act during the time period at issue.

Whether Travis' "impairments" rise to the level of "disabilities" under the Rehabilitation Act and/or Americans with Disabilities Act depends on whether those

generally Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

**B. Disability Under the Rehabilitation Act.**

To qualify for relief under the Rehabilitation Act, 29 C.F.R. § 1630.2(g), a plaintiff must show that: 1) he is disabled; 2) he is otherwise qualified to perform the functions of the job; 3) he is a federal employee or worked for a program receiving federal financial assistance; and 4) he was discriminated against solely by reason of his disability. Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997). Accordingly, whether Travis was "disabled" is a threshold question.

*1) A physical or mental impairment which substantially limits one or more major life activities.*

To qualify as disabled, a plaintiff must initially prove that he has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. §12102(2)(A). Travis' opposition brief alleges that he suffers from two impairments: "a physical disability resulting from a torn rotator cuff and a mental disability resulting from traumatic stress induced by adverse situations related to his employment." [Doc. No. 25-1 at 15]. Travis argues that his "recorded permanent modified rehabilitation job" determined his disability. [Id.] However, Travis' modified position is not determinative on this legal issue. Further, the fact that Travis was ultimately placed on disability retirement in August of 2005 does not mean that he was "disabled" under the Rehabilitation Act during the time period at issue.

Whether Travis' "impairments" rise to the level of "disabilities" under the Rehabilitation Act and/or Americans with Disabilities Act depends on whether those

generally Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

**B.     Disability Under the Rehabilitation Act.**

To qualify for relief under the Rehabilitation Act, 29 C.F.R. § 1630.2(g), a plaintiff must show that: 1) he is disabled; 2) he is otherwise qualified to perform the functions of the job; 3) he is a federal employee or worked for a program receiving federal financial assistance; and 4) he was discriminated against solely by reason of his disability. Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997). Accordingly, whether Travis was "disabled" is a threshold question.

*1)     A physical or mental impairment which substantially limits one or more major life activities.*

To qualify as disabled, a plaintiff must initially prove that he has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. §12102(2)(A). Travis' opposition brief alleges that he suffers from two impairments: "a physical disability resulting from a torn rotator cuff and a mental disability resulting from traumatic stress induced by adverse situations related to his employment." [Doc. No. 25-1 at 15]. Travis argues that his "recorded permanent modified rehabilitation job" determined his disability. [Id.] However, Travis' modified position is not determinative on this legal issue. Further, the fact that Travis was ultimately placed on disability retirement in August of 2005 does not mean that he was "disabled" under the Rehabilitation Act during the time period at issue.

Whether Travis' "impairments" rise to the level of "disabilities" under the Rehabilitation Act and/or Americans with Disabilities Act depends on whether those

impairments *substantially limit one or more **major** life activities*. A "major life activity" includes such functions as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2. "Substantially limited" means "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j).

In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. 29 C.F.R. §1630.2(j)(2). See also Toyota Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed. 2d 615 (2002).

Travis has failed to submit any competent summary judgment evidence that his alleged impairments substantially limited any major life activities.[1] Likewise, he failed to submit competent evidence that he had a *record* of such substantial limitation.

---

[1] Although Travis *references* the major life activity of performing manual tasks [Doc. No. 25-1 at 15], he has failed to submit any competent evidence that he is substantially limited in that regard. To be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts him from doing activities that are of central importance to most people's daily lives. Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). "When addressing the major life activity of performing manual tasks, the central inquiry must be whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with [his] specific job." Id. at 200-201.

Accordingly, he has failed to establish that he was "disabled" under either of the first two prongs of the definition.

### *2) Regarded as having such an impairment.*

An individual can also meet the definition of disabled if he has an impairment that is not substantially limiting, but the employer *perceives* the impairment as being substantially limiting. 29 C.F.R. § 1630.2. An employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes that he is incapable of performing a particular job; the statutory reference to a substantial limitation indicates instead that an employer regards an employee as substantially limited in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved. Ellison v. Software Spectrum, Inc., 85 F.3d 187, 192 (5th Cir.1996); see also 29 C.F.R. § 1630.2(j)(3)(I).

After thoroughly and carefully reviewing the entire record, we find no evidence that the Post Office perceived or treated Travis' condition as being substantially limiting as defined under the Rehabilitation Act and/or ADA. Indeed, "an employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish *per se* that the employer regards the employee as having a substantial limitation on his ability to work in general." Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 807 n.10 (5th Cir. 1997)(*quoting* Chandler v. City of Dallas, 2 F.3d 1385 (5th Cir.1993) *and citing* Forrisi v. Bowen, 794 F.2d 931 (4th Cir.1986)(holding that an employer did not regard the employee as handicapped simply because it found that he could not meet the demands of a particular job)). See also Dupre v. Charter Behavioral Health Systems of Lafayette, Inc., 242 F.3d 610 (5th Cir. 2001)(evidence that employer knew that employee had some kind of back impairment and doubted her ability to perform a particular job was not

sufficient to establish that the employer regarded her as "disabled"). Since Travis has failed to show that he was regarded by the Post Office as being disabled, he has failed to establish that he was "disabled" under the third prong of the definition. Accordingly, he fails to state even a *prima facie* claim of disability discrimination and summary judgment as to his claims is proper as a of fact and law.

C. **The Employer's Legitimate, Nondiscriminatory Reasons.**

As shown above, Travis has failed to establish even a *prima facie* claim of disability discrimination because he cannot show that he was disabled. However, even if he could establish a *prima facie* claim, the Post Office has articulated legitimate nondiscriminatory reasons for its alleged adverse employment actions relating to Travis (its investigation relating to the June 25, 2002 incident with Robinson, its placement of Travis on non-pay status, and its notice of proposed removal).[2] As detailed in the Court's previous summary judgment ruling, Travis had a history of attendance, leave, and other disciplinary problems during his employment. The June 25, 2002 incident with Robinson involved allegations of verbal and physical attacks. Thus, because of the USPS's zero tolerance policy for workplace violence, a full and thorough investigation had to be conducted regarding the June 25, 2002 incident. See Document 9, Exhibit 1, ¶ 8. The investigation included written statements from Robinson, Travis, and other witnesses; an investigation by TAT; and an investigation and report from the Inspection Service, including results from polygraph tests administered to both Robinson and Travis.

---

[2]The only tangible employment action of which Travis complains is his being placed on non-pay status. Any other actions (including the investigation and the notice of removal) would only be actionable discrimination if they rose to the level of a "hostile environment." This aspect of Travis' disability discrimination claim will be discussed in Subsection C, *infra*.

The Post Office maintains that it based its employment actions as to Travis on the findings from its full and thorough investigation. Travis has provided no evidence that undermines the legitimacy of this explanation. Accordingly, even if Travis could show that he was disabled, he could not show that the complained of actions were based solely on that disability. Accordingly, he fails to state a claim under the Rehabilitation Act as a matter of law.[3]

**D.     Hostile Work Environment.**

Travis' Title VII hostile work environment claim has already been dismissed. However, he also alleges that he suffered a hostile work environment that is actionable under the Rehabilitation Act. In order to prevail on his disability-based harassment claim, Travis must prove that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his disability; and (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt, remedial action. Soledad v. U.S. Dep't of Treasury, 304 F.3d 500, 506 (5th Cir. 2002). Further, "the disability-based harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." Flowers v. Southern Regional Physician Services, Inc., 247 F.3d 229, 236 (5th Cir. 2001).

---

[3]It is unclear whether Travis' is asserting a "Failure to Accommodate" claim. To the extent that he is, such claim is without merit. As shown above, Travis was not disabled under the Rehabilitation Act. Further, his requested accommodations in February and March of 2004 were not based on any alleged disability. Finally, no accommodation was possible at the time of Travis' disability retirement since, according to his own doctor, he was unable to work. Although Travis also alleges that the Post Office violated its own accommodation policy, such a violation would not be actionable under the Rehabilitation Act.

As detailed above, Travis cannot establish a *prima facie* claim of disability-harassment because he cannot show that he is disabled. However, even if he had made such a showing, he has failed to submit any competent summary judgment evidence of any conduct directed at him solely because of his disability. Indeed, even Travis argues that the actions of which he complains were motivated by retaliatory animus, not disability discrimination.[4] [Doc. No. 25-1 at 16-17]. Since Travis has failed to submit competent summary judgment evidence of any severe or pervasive conduct directed towards him based solely on his alleged disability, summary judgment as to his claim of disability-based harassment is proper as a matter of fact and law.

## IV. CONCLUSION.

After reviewing the entire record, the Court finds that summary judgment in favor of Defendant John E. Potter is proper as a matter of law as to Travis' claim of disability discrimination under the Rehabilitation Act of 1973, including his hostile work environment claim under the Rehabilitation Act.

**THEREFORE, IT IS ORDERED** that Defendant John E. Potter's Motion to Dismiss or in the Alternative, for Summary Judgment [Doc. No. 21] is **GRANTED**. Travis' claims of disability discrimination under the Rehabilitation Act of 1973, including his hostile work environment claim under the Rehabilitation Act, are dismissed, with prejudice, at Plaintiff's sole cost.

---

[4] Although Travis' attempts to create a "hostile retaliatory environment" claim, there can be no actionable "retaliation" in the absence of an adverse employment action. Further, the Court has already dismissed Travis' retaliation claims in its prior summary judgment ruling. [See Doc. No. 17].

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 11th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE